# Non-Disclosure and Confidentiality Agreement

This following statements are set forth for the purpose of clarifying the terms of cooperation between Carlson Pet Products, Inc. (Hereinafter referred as 'Carlson') a Minnesota based corporation, USA, and Ningbo Black Horse Tourism Products Co., Ltd.(Business License No. 330206000164151) (Hereinafter referred as 'Vendor'), and Ningbo, Zhejiang, China based corporation, and it's officers, employees.

1. Carlson and Vendor wish to establish and further (if any necessary) their business relationship, and have determined it is necessary and desirable that Carlson disclose to Vendor confidential information (the 'Confidential Information') concerning current, proposed or future products of Carlson; marketing forecasts and material requirements of Carlson; and certain business plans and technology relating thereto; which Carlson holds confidential and has not been publicly disclosed by Carlson. Unless Vendor proves that certain information is not encompassed by this Agreement, all information disclosed by Carlson to Vendor will be presumed to be confidential and will be so regarded by Vendor.

2. Vendor agrees:
   (a) that it will preserve the confidentiality of the Confidential Information;
   (b) that it will require of its employees and agents obligations to preserve the confidentiality of the Confidential Information;
   (c) that it will not intentionally disclose any of the Confidential Information to others;
   (d) that it will not use or make available any of such Confidential Information, or copies thereof, for any purpose other than negotiations, discussions and consultations with personnel or authorized representatives of Carlson; supplying Carslon with goods or service at its order; preparing bids, estimates and proposals for submission to Carlson; or other purposes designated or expressly approved in writing by an officer of Carlson;
   (e) that title to any such Confidential Information shall at all times be and remain vested in Carlson;
   (f) that it will not sell or give, other than to Carlson, any manufactured from formulas, models, designs, drawings, apparatus, tooling or molds provided by Carlson.

3. Vendor agrees that no later than seven (7) days from the date of a request by Carlson, Vendor will promptly redeliver to Carlson all Confidential Information furnished pursuant to this Agreement, and shall not retain any copies thereof.

4. The obligation of confidence described in this Agreement shall abate or terminate with respect to any particular portion of the Confidential Information when Vendor


EXHIBIT B

can document:

(a) it was in Vendor possession in tangible written or physical embodiment or form of any obligation of confidence at the time of Carlson's communication thereof to Vendor;

(b) it was in the public domain at the time of Carlson's communication thereof to Vendor;

(c) it entered the public domain through no fault of Vendor subsequent to the time of Carlsons's communication thereof to Vendor;

(d) it was rightfully communicated to Vendor free of any obligation of confidence subsequence to the time of Carslon's communication thereof to Vendor.

(e) it was developed by employees or agents of Vendor independent of and without any reference to the Confidential Information or other material that Carlson has disclosed in confidence to any third party.

In any event, the obligation of confidence imposed by this Agreement shall terminate two (2) years after Carlson's communication thereof to Vendor.

5. Vendor acknowledges and agrees that the Confidential Information obtained and to be obtained by it pursuant to this Agreement includes unique, competitive information. Vendor further acknowledges that the injury to Carlson which would result from any intentional breach of Vendor's obligation hereunder would be irreparable and that Carlson's remedies at law, including but not limited to money damages, would be inadequate. Accordingly, Vendor agrees that in the event of any such intentional breach by Vendor, Carlson shall be entitled to equitable relief therefore, including without limitation the remedies of specific performance and/or injunctive relief. Such remedies shall be in addition to any other rights or remedies whether at law or in equity which may be available to Carlson. The parties hereto irrevocably (a) agree that any suit, action or other legal proceeding arising out of this Agreement may be brought in any court of competent jurisdiction of the State of Minnesota of the United States located within the County of Burnsville, State of Minnesota; (b) consent to the jurisdiction of each such court in any such suit, action or proceeding; and (c) waive any objection which it may have to the laying of the venue of any such suit, action or proceeding in any of such courts.

6. When Vendor has manufactured any articles in accordance with specifications or drawings furnished by Carlson or when a product is made to Carlson's design, Carlson at its own expenses will defend any suit against Vendor for infringement of U.S. patents; provided Vendor gives Carlson notice in writing of any such suit for infringement, opportunity to conduct the defense thereof and assistance and cooperation of said defense.

7. Carlson makes no representation with regard to the prospects of any business being occasioned or developing between the parties as a result of the disclosure made by Carlson to Vendor.

8. The parties understand and recognize that from time to time Vendor has doing business with companies that could be in direct competition with Carlson. Nothing in this Agreement shall prohibit Vendor from doing business with a competitor of Carlson or subject Vendor to any damage claims by Carlson, so long as Vendor does not intentionally discuss Confidential Information it receive from Carlson as defined heretofore to competitors of Carlson.

9. All amendments or exceptions to the terms of this Agreement must be in writing and signed by all parties hereto.

10. This Agreement shall be governed by and constructed in accordance with the laws of the State of Minnesota.

IN WITNESS WHEREOF, the parties have executed this Agreement by and through their duly authorized representatives this __15__ day of __Jan__, 2016.

**Authorized signature (or Sealed)**   **Vendor Signature (or Sealed)**

_____   _____
Carlson Pet Products Inc.         Ningbo Black Horse Tourism Products Co., Ltd.